IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| **MELISSA LEE,** | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 4:24-cv-00252 |
| | ) |
| v. | ) |
| | ) |
| **UNITED STATES OF AMERICA,** | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, Plaintiff, by and through her attorney of record, and files this Complaint against Defendant respectfully showing this Court as follows:

## PRELIMINARY STATEMENT

Plaintiff, **MELISSA LEE**, in the above styled case, brings this Complaint against Defendant, **UNITED STATES OF AMERICA**, pursuant to 28 U.S.C.A. § 2674 to redress the violation of Plaintiff's rights in that Defendant's acts and omissions constituted negligence which did directly and proximately cause sever bodily injury and property damage.

Plaintiff seeks money damages to redress and remedy the violation of her statutory rights and further seek an award of punitive damages, attorney's fees and costs. For this Complaint, Plaintiff respectfully shows the Court the following:

### I. PARTIES

1.

This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2674 and jurisdiction is properly within this Court.

2.

Plaintiff is a resident of Liberty, Georgia, and resides within the Southern District of Georgia. Venue is therefore proper in this Court.

3.

The Defendant, by and through the United States Department of the Army, maintains a military base, Fort Stewart, located in Liberty County, Georgia.

4.

At all times relevant, Anthony Woodard was an employee, agent, and / or servant of the United States Department of the Army and Defendant.

5.

Defendant may be served with this Complaint and summons through the United States Attorney for the Southern District of Georgia, 22 Barnard Street, Suite 300, Savannah, Georgia 31401, by registered or certified mail pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

6.

The Attorney General of the United States may be served with this Complaint and summons through the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530, by registered or certified mail pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

**II. JURISDICTION AND VENUE**

7.

Plaintiff realleges paragraphs 1 through 6, above as if they were set forth herein, verbatim.

8.

This action is brought pursuant to the Federal Tort Claims Act, *e.g.*, 28 U.S.C.A. § 2671, et seq., to redress the deprivation of rights secured by Federal Statute.

9.

As such, this Court has jurisdiction pursuant to 28 U.S.C.A. § 1346.

10.

Laws of the State of Georgia, where the acts or omissions occurred, determine Defendant's liability pursuant to 28 U.S.C.A. § 1346(b).

11.

Plaintiff provided timely notice required by 28 U.S.C.A. § 2401(b) by mailing (on April 22, 2024) a Standard From 95 to the OSJA-Claims, Attn: Torts-Building 709, 944 William H. Wilson Ave., Fort Stewart, Georgia 31314. (See "Claim Injury Form," attached hereto and incorporated herein as "Exhibit 1.")

12.

Plaintiff demanded a sum certain amount in the Standard Form 95 of $100,000.00, as required by 28 C.F.R. § 14.2(a). (See Exhibit 1.)

13.

The Standard Form 95 was received on May 6, 2024.  (See "Proof of Signature," attached hereto and incorporated as "Exhibit 2.")

14.

Plaintiff has not received a reply from Defendant within six (6) months from this mailing, which Plaintiff deems as a denial of his claim by Defendant, as permitted by 28 U.S.C. § 2675(a).

15.

Plaintiff is timely filing this complaint within six (6) months of this effective denial.

16.

Venue is proper in the Southern District of Georgia, Savannah Division, where the wrongful acts or omissions occurred, pursuant to 28 U.S.C. § 1391.

### III. FACTUAL ALLEGATIONS

17.

Plaintiff realleges paragraphs 1 through 16, above as if they were set forth herein, verbatim.

18.

On or about September 14, 2022, at approximately 11:16 a.m., the Plaintiff was operating a motor vehicle eastbound on Elma G. Miles Parkway within the City of Hinesville, Liberty County, Georgia.

19.

At the aforesaid time and place, Anthony Woodard was operating a motor vehicle as an employee and agent of the United States Department of Army within the scope and course of his employment and was traveling in the eastbound direction on Elma G. Miles Parkway within the City of Hinesville, Liberty County, Georgia.

20.

At the aforesaid time and place, Anthony Woodard carelessly and negligently was following too closely to the Plaintiff's vehicle and crashed into the Plaintiff.

21.

Anthony Woodard, as agent and employee of the United States Department of Army, was negligent in following too closely, in failing to maintain control of his vehicle; in failing to keep a

proper lookout; and in failing to operate his vehicle in a reasonably prudent manner.

22.

As a direct and proximate result of the acts of negligence committed by Anthony Woodard as set forth above, the Plaintiff sustained serious and permanent personal injuries and other damages.

23.

As a direct and proximate result of the acts of negligence committed by the Defendant's agent, as set forth above, the Plaintiff is entitled to recover for her medical expenses, past and future; her lost wages, past and future; her diminished earning capacity; her mental and physical pain and suffering, past and future; her emotional distress, past and future; and her past and future permanent physical impairment.

This 8th day of November, 2024

*/s/ Edgar M. Smith*
Edgar M. Smith
Georgia Bar No. 683836
*Attorney for Plaintiff*

**MORGAN & MORGAN**
200 Stephenson Ave, Suite 200
Savannah, Georgia 31405
T:  (912) 244-5401
F:  (912) 443-1125
edgarsmith@forthepeople.com

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

**1. Submit to Appropriate Federal Agency:**

OSJA-Claims
ATTN: Torts-Building 709,944 William H. Wilson Ave, Building 620
Fort Stewart, Georgia 31314

**2. Name, address of claimant, and claimant's personal representative if any.** (See instructions on reverse). Number, Street, City, State and Zip code.

Melissa Rodriguez Lee
P.O. Box 2102
Hinesville, GA 31310

Edgar Smith
Morgan & Morgan
200 Stephenson Ave, Suite 200
Savannah, GA 31405

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 9/13/1985 | Divorced | 9/14/2022 | 11:16 AM |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

The crash occurred inside the city limits of Hinesville Georgia. Ms. Melissa Rodriguez Lee was stopped in the Eastbound lane of Elma G Miles Parkway due to traffic. Your insured Mr. Anthony Woodard was traveling Eastbound behind Ms. Lee. He was inattentive and following too closely causing him to crash into the rear of Ms. Lee's vehicle.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Marc Raekwon Bell, 162 Cainhoy Street, Orangeburg SC 29118

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Cervical Spine pain with associated headaches- Cervical facet joint syndrome and cervicogenic headache Injection of cervical facet joints with fluoroscopic guidance ant levels BIL C4-5, C5-6, C6-7. Given pain medication and TENS therapy for control of pain.

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
|  |  |

**12.** (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
|  | $100,000.00 |  | $100,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *Edgar M Smith* (signed) | 912-244-5401 | 4/22/24 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15.** Do you carry accident Insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☑ No

*N/A - Claimant did not own the vehicle*

**16.** Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☑ No   **17.** If deductible, state amount.

**18.** If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

**19.** Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☑ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

*Complete all items - Insert the word NONE where applicable.*

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
 A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

**Exhibit 1**



**Exhibit 2**